108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steve SCHROEDER, Plaintiff-Appellant,
v.
COUNTY OF SAN DIEGO; City of LA Mesa; G. Sperry; La Mesa
Police Department; M. murphy, Defendants-Appellees.
 No. 96-56082.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steve Schroeder appeals pro se the district court's order 1) dismissing his civil rights action for failure to state a claim under Fed.R.Civ.P. 12(b)(6) because it was time-barred; and 2) declining to exercise supplemental jurisdiction over his remaining state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's ruling on the appropriate statute of limitations. Taylor v. University of California, 993 F.2d 710, 711 (9th Cir.1993) (per curiam). For section 1983 actions, federal courts apply the statute of limitations for personal injury actions in the state in which the claim arises. Wilson v. Garcia, 471 U.S. 261, 269 (1985). In California, the applicable statute provides for a limitations period of one year from the date the cause of action accrues. See Cal.Civ.Proc.Code § 340(3); Taylor, 993 F.2d at 711.
 
 
 4
 Because Schroeder filed this action on January 12, 1996, nearly three years after the date of the arrest which forms the basis for his complaint, the district court properly concluded that Schroeder's section 1983 claim is barred by the statute of limitations. See Cal.Civ.Proc.Code § 340(3); Taylor, 993 F.2d at 711. To the extent that Schroeder's complaint alleged a violation of 42 U.S.C. § 1985(3), this claim is similarly time-barred. See McDougal v. County of Imperial, 942 F.2d 668, 670 (9th Cir.1991) (stating that California's one-year statute of limitations for personal injury actions applies to section 1985 claims). Because Schroeder can only state a claim under section 1986 if he has stated a valid claim under section 1985, see McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir.1990), this claim also fails.
 
 
 5
 Finally, because Schroeder's federal claims are barred by the statute of limitations, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Schroeder's state law claims after it dismissed his federal claims. See 28 U.S.C. § 1367(c)(3); O'Connor v. State, 27 F.3d 357, 363 (9th Cir.1994).
 
 
 6
 We have considered Schroeder's remaining contentions and conclude that they are wholly without merit.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3